***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner:
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The employer-employee relationship existed between defendant-employer and plaintiff at all relevant times herein.
3. AIG Claims Services is the carrier on the risk.
4. Plaintiff last worked for defendant-employer on March 25, 2002.
5. The following stipulated exhibits were admitted into evidence:
(a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Medical Records, Industrial Commission Forms and Motions, and Discovery Responses
(c) Stipulated Exhibit 3: Affidavit of Mary Jo Cole
6. The issues to be determined are: 1) Whether plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer, and if so, to what medical and indemnity benefits is she entitled? 2) Whether the Executive Secretary's administrative Order, filed April 4, 2003, denying plaintiff's motion for sanctions was properly entered? and 3) Whether plaintiff failed to comply with the notice provisions of N.C. Gen. Stat. § 97-22, and if so, whether such failure resulted in prejudice to defendants?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 49 years old. In October of 2001, plaintiff was employed by defendant-employer as a certified nursing assistant. Plaintiff's duties included assisting patients with their grooming, carrying lunch trays, making beds and lifting patients.
Plaintiff underwent low back surgery in 1992. Following the surgery, she was able to return to work but experienced occasional pain.
On October 13, 2001, plaintiff sought treatment at Durham Regional Hospital and reported that she injured her back the previous Sunday, October 7, 2001.
Plaintiff did not seek any medical treatment for her back condition after October 13, 2001 until April 1, 2002, when she was examined by Dr. Sampson Harrell, a family practitioner. On that date, plaintiff reported she experienced low back pain radiating down her right foot and that she was hurt on the job one month previously. Plaintiff further reported to Dr. Harrell that she had a long history of back pain and that, notwithstanding the alleged work-related back injury occurring the previous month, she was doing well until she began sneezing three or four days before the April 1, 2002 office visit. As a result of the sneezing episode, plaintiff reported to Dr. Harrell that she had pain in her back radiating to her right thigh and right foot. Plaintiff did not report to Dr. Harrell an October 2001 work-related incident.
Pursuant to Dr. Harrell's referral, plaintiff sought treatment with Dr. Theodore M. Pitts, an orthopaedic surgeon, on April 5, 2002. Plaintiff reported to Dr. Pitts that she was hurt on the job two months previously. Plaintiff did not report to Dr. Pitts an October 2001 work-related incident.
On April 9, 2002, plaintiff spoke with Mary Jo Cole, defendant-employer's Human Resource/Payroll Benefits Coordinator, and reported that she needed to be out of work for one month through May 5, 2002, as the result of a back injury. When plaintiff began completing leave of absence forms for plaintiff, she reported for the first time to the employer-defendant that her back injury allegedly occurred at work. When plaintiff was asked when she injured her back, plaintiff responded that she did not know the specific date, but that the injury occurred on the same date she received a gait belt. Plaintiff received a back brace on January 16, 2002, after having taken three vacation days to look after her sick mother. When asked whether she had completed an incident report form or otherwise reported the injury to anyone, plaintiff responded that she had not completed an incident report or otherwise reported an injury.
Dr. Pitts performed L4-5, L5-S1 fusion surgery on July 17, 2002. Dr. Pitts last examined plaintiff on September 27, 2002. Plaintiff testified at the hearing before the Deputy Commissioner that Dr. Pitts refused to treat her since her health insurance coverage had expired. However, Dr. Pitts testified that he does not refuse to see patients who are actively treating with him due to the expiration of the patient's health insurance.
Taken as a whole, Dr. Pitts' testimony regarding causation is speculative.
Plaintiff's Amended Form 18, the Form 33 and the parties' Pretrial Agreement, allege an October 13, 2001 date of injury. Plaintiff did not allege an October 7, 2001 date of injury until her hearing testimony.
The greater weight of the competent and credible evidence of record supports a finding that plaintiff did not sustain an injury by accident or specific traumatic incident in October of 2001. Plaintiff's testimony offered at the hearing before the Deputy Commissioner regarding the history of the alleged injury is not accepted as credible.
Defendants filed a Form 61 denying plaintiff's claim within 90 days of the filing of plaintiff's Amended Form 18.
12. The competent evidence of the record fails to establish that plaintiff sustained any specific traumatic injury or that she sustained any injury or event that caused an injury during any period of time.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to carry her burden of proving that she was injured as the result of an injury by accident or that she was injured as the result of a specific traumatic incident arising out of and in the course of her employment. N.C. Gen. Stat. §97-2(6).
2. The greater weight of the evidence fails to establish that plaintiff was injured as the result of an accident or specific traumatic incident. The Industrial Commission's April 4, 2003 Order properly denied plaintiff's Motion for Sanctions. Rules 601 and 802 of the Rules of the North Carolina Industrial Commission, N.C. Gen. Stat. § 97-18(d).
3. Due to the denial of this claim based upon the above Conclusions of Law, it is unnecessary to address the third issue regarding plaintiff's alleged failure to give timely notice of her alleged injury. N.C. Gen. Stat. § 97-22.
4. Having proven no injury by accident or specific traumatic incident, there are no compensable consequences of plaintiff's back condition, and plaintiff is not entitled to workers' compensation benefits for the same.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Under the law, the plaintiff's claim must be, and the same is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of August, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER